IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02093-ZLW

HARRY TROUNCE,

    Plaintiff,

v.

MAJOR MICHAEL EHRMAN,
ANTHONY A. DeCESARO, and
TOM BULLARD,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 19 2006

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Harry Trounce has filed *pro se* on January 3, 2006, a "Motion to Vacate Previous Ruling Denying Plaintiff Relief Pursuant to U.S.C.A. 42 (1983) and 28 U.S.C. 2254." Mr. Trounce asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on December 13, 2005. The Court must construe the motion to reconsider liberally because Mr. Trounce is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243. Mr. Trounce's motion to reconsider, which was filed more than ten days after the Court's December 13, 2005, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Trounce claimed in his complaint that his constitutional rights were violated as a result of a number of prison disciplinary convictions for which he was sanctioned, in part, with a loss of good and earned time credits. As relief he sought damages and restoration of the good and earned time credits. The Court determined that the claims for damages are barred by **Edwards v. Balisok**, 520 U.S. 641 (1997), and dismissed those claims without prejudice. The Court construed the claims seeking restoration of good and earned time credits liberally as habeas corpus claims and dismissed them without prejudice for failure to exhaust state remedies. Mr. Trounce argues in his motion to reconsider that the liberally construed habeas corpus claims should not have been dismissed because he has exhausted administrative remedies.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Trounce fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Trounce fails to understand that exhaustion of administrative remedies within the prison grievance system does not satisfy the requirement that state court remedies be exhausted prior to seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Mr.

Trounce does not allege that he has exhausted state court remedies. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Vacate Previous Ruling Denying Plaintiff Relief Pursuant to U.S.C.A. 42 (1983) and 28 U.S.C. 2254" filed on January 3, 2006, is denied.

DATED at Denver, Colorado, this 12 day of January, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02093-OES

Harry Trounce
Prisoner No. 61990
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751-0600

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/19/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk